IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SNAPPY SHEDS, INC., MARK BERRY,
REGINA BONEY, PHILIP J. MONTOYA,
Trustee of the Chapter 7 Bankruptcy Estates of
SUNLAND STEEL CORPORATION, KEN
and DORIS BERRY, and MARTIN and
BRENDA GOMEZ,

        Plaintiffs,

vs.                                  No. CIV 03-0947 RB/KBM

HOME DEPOT, U.S.A., INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiffs' Motion for Reconsideration of Order of Dismissal or, in the Alternative, for Leave to Amend Complaint (Doc. 29), filed on September 8, 2004. Jurisdiction is founded upon 28 U.S.C § 1332. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be denied.

**I.  Background.**

Plaintiffs request that I reconsider my ruling that Plaintiffs failed to state a Texas Deceptive Trade Practices Act ("TDTPA") claim, as alleged in Count III of the complaint. In a Memorandum Opinion and Order issued on May 26, 2004, I determined that Plaintiffs failed to state a TDTPA claim because (1) they did not qualify as consumers under the act, and (2) Texas law was inapplicable.

**II. Discussion.**

The TDTPA defines a consumer as "an individual, partnership, or corporation who seeks or acquires, by purchase or lease, any goods or services." TEX. BUS. & COMM. CODE ANN. § 17.45(4) (Vernon 2003). To qualify as a consumer, a plaintiff must prove that (1) it sought or acquired the goods or services by purchase or lease, and (2) the goods or services form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

Plaintiffs claim that they qualify as consumers because Home Depot agreed to provide marketing services in connection with the sale of their sheds. The key to consumer status determination is whether the purchased goods or services are an objective of the transaction, or merely incidental to it. *Hand v. Dean Witter Reynolds Inc.*, 889 S.W.2d 483, 500 (Tx. App. 1994). In this case, the contract provided that Home Deport would arrange for Plaintiffs to sell and install modular sheds to Home Depot customers. (Doc. 12, Ex. A.) Wyman allegedly told Plaintiffs that Home Depot would sell all the sheds that they were able to manufacture. The acquisition of marketing or other services by Plaintiffs from Home Depot was not mentioned in the contract, or as one of Wyman's alleged promises but, rather, was incidental to the agreement. Because Plaintiffs did not purchase or lease marketing or other services from Home Depot, they do not qualify as consumers within the meaning of the TDTPA.

Furthermore, Texas law is inapplicable. A federal court in a diversity case must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). New Mexico is the forum state. New Mexico applies the place-of-the-wrong rule. *See State Farm Mut. Auto. Ins. Co. v. Ballard*, 132 N.M. 696, 698, 54 P.3d 537, 539 (2003); *Torres v. State*, 119 N.M. 609, 613, 894 P.2d 386, 390 (1995). Both the original complaint and the proposed

amended complaint allege that the deceptive acts occurred in New Mexico. The alleged misrepresentations occurred at the Plaintiffs' production facilities in New Mexico, during the May 12, 2000 meeting with Paul Wyman, Home Depot Divisional Install Manager. The only acts alleged to have occurred in Texas were the Lubbock demonstration and the alleged failure to properly market the sheds. Plaintiffs allege that Home Depot representatives expressed interest in the sheds in Lubbock, but they do not allege that Home Depot representatives engaged in wrongful conduct in Texas. Because the wrongful conduct occurred in New Mexico, Texas law is inapplicable.

Moreover, Plaintiffs request leave to amend the complaint. After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

A proposed amendment is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion to dismiss. *Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). The proposed amended complaint adds allegations that, during the May 12, 2000 meeting, Wyman specifically discussed placing the sheds in Home Depot stores in the Dallas/Ft. Worth area. It additionally alleges that Home Depot failed to adequately advertise or promote the sheds, failed to develop a marketing plan, failed to train its staff to sell and order the sheds, misused demonstration sheds, and refused to permit the sheds to be sold in stores, particularly in Texas. The TDTPA claim as alleged in the proposed amended complaint is futile for at least two

reasons.

First, accepting all of the allegations in the proposed amended complaint as true, they do not show that Plaintiffs qualify as consumers within the meaning of the TDTPA. In order to qualify as a consumer under the TDTPA, Plaintiffs must show that the purchased goods or services were an objective of the transaction, not merely incidental to it. *Hand*, 889 S.W.2d at 500. The objective of the dealings between Plaintiffs and Home Depot was not the purchase by Plaintiff of any goods or services from Home Depot. The objective of the deal was for Home Depot to sell Plaintiff's sheds. Any marketing services were merely incidental to this transaction, rather than being the objective of the transaction. *See Fisher Controls International, Inc. v. Gibbons*, 911 S.W.2d 135, 139 (Tex. App. 1995) (concluding that, because services provided under contract were incidental to transaction rather than its objective, plaintiff was not consumer under TDTPA). The TDTPA claim in the proposed amended complaint would not survive a motion to dismiss because it does not allege facts establishing that Plaintiffs qualify as consumers within the meaning of the TDTPA.

Second, accepting all of the allegations in the proposed amended complaint as true, all of the alleged wrongful conduct occurred in New Mexico. The elements of a TDTPA misrepresentation claim are: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts caused the consumer damages. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995). All of the allegedly false, misleading, or deceptive conduct occurred in New Mexico. The proposed amended complaint would not survive a motion to dismiss because it does not allege that any false, misleading, or deceptive acts occurred in Texas. New Mexico, not Texas law, applies because the allegedly false, misleading, or deceptive acts occurred in New Mexico. *Ballard*, 132 N.M. at 698, 54 P.3d at 539. The TDTPA is, therefore, inapplicable.

4

Plaintiffs do not qualify as consumers under the TDTPA and Texas law is inapplicable under the facts alleged in the proposed amended complaint. The TDTPA claim would not survive a motion to dismiss. Therefore, the motion to amend will be denied as futile.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration of Order of Dismissal or, in the Alternative, for Leave to Amend Complaint (Doc. 29), filed on September 8, 2004, is **DENIED.**

 

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**